## EUNICE BROOKS *versus* EDWIN MOODY.

In an action for a breach of a covenant against incumbrances, the plaintiff may recover in damages the amount of money fairly and justly paid by him to remove an incumbrance, although it was paid after the action had been commenced.

COVENANT broken. The declaration alleged that the defendant on July 10, 1835, conveyed certain land to the plaintiff, and covenanted that it was free from all incumbrances, whereas the defendant had mortgaged a part of it to one Lyman, to secure the payment of 1132 dollars and interest, of which sum a large portion, to wit, 1000 dollars, was still due and unpaid, and the land mortgaged was still chargeable with the payment thereof.

In a case stated it was admitted, that the incumbrance existed, as alleged in the declaration ; that Lyman assigned the mortgage to Aaron Brooks ; that Aaron Brooks leased the land to one Reed, who entered under the lease and continued in possession until the 11th of September, 1838 ; and that on that day, which was subsequent to the commencement of the action, the plaintiff purchased the mortgage from an assignee of Aaron Brooks, and still held the same.

If, upon these facts, the plaintiff was entitled to recover the amount due on the mortgage, judgment was to be rendered for that sum ; otherwise for nominal damages.

*Sept. 26th.* *Wells* and *Alvord*, for the plaintiff, produced the note secured by the mortgage, to be cancelled in case the plaintiff should be allowed to recover the amount paid by her to remove the incumbrance ; and to show that she was entitled to recover damages to that amount, although the payment was not made until after the action had been brought, they cited *Prescott* v. *Trueman*, 4 Mass. R. 627 ; *Burdick* v. *Green*, 15 Johns. R. 247 ; *Kellogg* v. *Ingersoll*, 2 Mass. R. 97 ; *Delavergne* v. *Norris*, 7 Johns. R. 358 ; *Stanard* v. *Eldridge*, 16 Johns. R. 256 ; *Wyman* v. *Ballard*, 12 Mass. R. 304 ; *Bean* v. *Mayo*, 5 Greenl. 94 ; *Davis* v. *Lyman*, 6 Connect. R. 249 ; *Richardson* v. *Dorr*, 5 Vermont R. 19 ; *Leffingwell* v. *Elliott*, 8 Pick. 455 and 10 Pick. 204 ; *Tufts* v. *Adams*, 8 Pick. 547 ; *Wetmore* v *Green*, 11 Pick. 462.

*Chapman* and *Aikin*, for the defendant, said that the action was brought for nominal damages, a mere dormant incumbrance being set out in the declaration ; that the plaintiff ought to allege how she had been damnified, and if so, the incumbrance ought to have been extinguished before the suit was brought ; that the plaintiff now made a distinct substantive claim, for which a new action would lie ; and that this case was to be governed by the rule of other personal actions in which damages are allowed only to the time of commencing the action. Com. Dig. *Damages, D ;  Tufts* v. *Adams,* 8 Pick. 547 ; *Prescott* v. *Trueman,* 4 Mass. R. 627 ; *Delavergne* v. *Norris,* 7 Johns. R. 358 ; *Wyman* v. *Ballard,* 12 Mass. R. 304 ; *Barrett* v. *Porter,* 14 Mass. R. 143.

SHAW C. J. delivered the opinion of the Court. The question in this case is, on what principle damages ought to be assessed, in an action for covenant broken, under the circumstances found in the case stated. It was a covenant in a deed of conveyance, that the premises were free from all incumbrances. It is conceded, that the premises were at the time under a mortgage to one Lyman. This was outstanding at the time of the commencement of this action, but was purchased in, and assigned to the plaintiff, before the trial, and the note, for securing payment of which the mortgage was given, is now brought into court to be cancelled and given up. This purchase of the mortgage by the plaintiff, and an assignment to her, she having previously taken a conveyance of the estate itself, may be considered, for all the purposes of this trial, as a merger and extinguishment of the mortgage, especially as the plaintiff brings in the note to be cancelled.

The question then is, whether in an action for breach of covenant against incumbrances, a plaintiff may recover in damages, the amount fairly and justly paid for the removal of such incumbrance, if so paid after the action is commenced and the Court are of opinion that he may. The legal ground of the action is, not the debt or obligation to pay money, but the breach of the defendant's covenant. This was broken when the action was commenced, and it is not denied that the plaintiff can maintain the action, and as a necessary incident, can recover some damages. The reasons why a covenantee

Brooks
v.
Moody

cannot recover full damages, without extinguishing the incumbrance, are, first, because he may never be disturbed by the outstanding incumbrance, as it may be removed by the payment of the debt for which the estate is hypothecated, by some other party to the obligation ; and, secondly, because, the defendant, after paying the amount on his covenant, might still be called on, by the party holding the outstanding mortgage, on his personal obligation, and so might be twice charged. *Prescott* v. *Trueman*, 4 Mass. R. 627 ; *Wyman* v. *Ballard*, 12 Mass. R. 304 ; *Delavergne* v. *Norris*, 7 Johns. R. 358. But both these reasons are obviated, when the mortgage has been taken up and extinguished by the plaintiff, before the assessment of damages. The plaintiff has incurred expense as a direct consequence of the breach of the defendant's covenant, and the defendant is forever secure against being called on for the payment of his note, by its actual payment by the plaintiff

But this point is supported by authority. It was recently decided, that on a similar covenant, expenses paid to extinguish incumbrances, after the commencement of the action, were to be included in the assessment of damages. *Leffingwell* v. *Elliott*, 10 Pick. 204.

A similar rule was adopted and sanctioned in *Wetmore* v. *Green*, 11 Pick. 462. For, though that was a hearing in equity, yet the rule adopted was that of assessing damages on a breach of covenant.

Both upon principle and authority, the Court are of opinion that the plaintiff is entitled to recover the amount paid by her since the commencement of the suit, to discharge the outstanding mortgage.

*Defendant defaulted.*